1

2

3

4

5

6                        IN THE UNITED STATES DISTRICT COURT

7                        FOR THE EASTERN DISTRICT OF CALIFORNIA

8    FEDERAL NATIONAL
     MORTGAGE ASSOCIATION,
9
                  Plaintiff,                    No. 2:12-cv-1813 GEB GGH PS
10
           vs.
11

12   EDWIN D. WHEAT, et al.,
                                                FINDINGS AND RECOMMENDATIONS
13                Defendants.

14   _____/

15              This action was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

16   It was removed from state court on July 10, 2012.  A district court has "a duty to establish subject

17   matter jurisdiction over [a] removed action *sua sponte*, whether the parties raised the issue or

18   not." United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966 (9th Cir. 2004);

19   see also Kelton Arms Condominium Assoc., Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192

20   (9th Cir. 2003).  Having reviewed the notice of removal, the court finds that the action should be

21   remanded to state court due to lack of subject matter jurisdiction.

22         I.  Federal Question Jurisdiction

23              Removal jurisdiction statutes are strictly construed against removal.  See Libhart

24   v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979).  "Federal jurisdiction must be

25   rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980

26   F.2d 564, 566 (9th Cir. 1992).  "The burden of establishing federal jurisdiction falls on the party

                                                   1

1   invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir. 1994),

2   *overruled on other grounds by* Leeson v. Transamerica Disability Income Plan, 671 F.3d 969,

3   979 (9th Cir. 2012).

4              A plaintiff may bring suit in federal court if his claim "arises under" federal law.

5   28 U.S.C. § 1331.  In that situation, the court has original jurisdiction.  A state court defendant

6   cannot invoke the federal court's original jurisdiction.  But he may in some instances invoke the

7   court's removal jurisdiction.  The requirements to invoke removal jurisdiction are often identical

8   to those for invoking its original jurisdiction.  The requirements for both relate to the same end,

9   that is, federal jurisdiction.

10             Removal of a state court action is proper only if it originally could have been filed

11  in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by

12  removal, only those cases in which a well-pleaded complaint establishes either that federal law

13  creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution

14  of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers

15  Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal

16  law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90,

17  93 (3d Cir. 1992).  Also, defenses and counterclaims cannot provide a sufficient basis to remove

18  an action to federal court.  See Berg v. Leason, 32 F.3d 422, 426 (9th Cir. 1994); FIA Card Servs.

19  v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by

20  defendant on the basis that defendant's counterclaim raised a federal question).

21        II.  Original Jurisdiction Based on Fannie Mae's Federal Charter

22             Courts are split over whether Fannie Mae's charter confers federal jurisdiction.  In

23  Pirelli v. Armstrong Tire Corporation Retiree Medical Benefits Trust v. Raines, 534 F.3d 779

24  (D.C. Cir. 2008), the court relied on American National Red Cross v. Solicitor General, 505 U.S.

25  247, 112 S.Ct. 2465 (1992), to so hold.  Fannie Mae's charter provides for it "to sue and be sued,

26  and to complain and to defend, in any court of competent jurisdiction, State or Federal."  12

2

1   U.S.C. § 1723a(a).[1]  The <u>Pirelli</u> court found that this language was similar to the charter

2   providing that the Red Cross was authorized "to sue and be sued in courts of law and equity,

3   State or Federal, within the jurisdiction of the United States..."  (<u>Id.</u> at 251.) <u>See</u> 36 U.S.C. §

4   300105(a)(5).

5       Other courts, however, have distinguished the enabling language of these statutes.

6   For example, in <u>Knuckles v. RBMG, Inc.</u>, 481 F.Supp.2d 559, 563 (S.D. W. Va. 2007), the court

7   compared statutory construction in the Red Cross charter to that found in the Fannie Mae charter:

8        Under the canons of statutory construction each word in a statute
         should be given effect and linguistic superfluity avoided. <u>Scheidler</u>

9        <u>v. Nat'l Org. for Women, Inc.</u>, 547 U.S. 9, 126 S.Ct. 1264, 164
         L.Ed.2d 10 (2006). Accordingly, the phrase "any court of

10       competent jurisdiction, State or Federal," found in Fannie Mae's
         charter, but not in the charter of the Red Cross, must be given

11       effect. For the phrase "any court of competent jurisdiction" to have
         any meaning it should be read as differentiating between state and

12       federal courts that possess "competent" jurisdiction, i.e., an
         independent basis for jurisdiction, from those that do not. To

13       conclude, as Fannie Mae suggests, that its charter could be read to
         confer original federal jurisdiction in all suits in which it is a party,

14       notwithstanding the absence of an independent basis for federal
         jurisdiction, would effectively eliminate the phrase "of competent

15       jurisdiction" from the charter. Stated differently, were the court to
         adopt Fannie Mae's reading of its charter, all federal courts would

16       possess jurisdiction, regardless of competency.

17      The <u>Knuckles</u> court compared the same language which is found in the charter for

18  the Secretary of Housing and Urban Development, noting that courts have declined to construe it

19  as creating a grant of federal jurisdiction.  <u>Id.</u>  <u>See</u> 12 U.S.C. §1702; <u>C.H. Sanders Co. v. BHAP</u>

20  <u>Hous. Dev. Fund Co.</u>, 903 F.2d 114, 118 (2nd Cir. 1990); <u>Industrial Indem., Inc. v. Landrieu</u>, 615

21  F.2d 644, 647 (5th Cir. 1980); <u>Bor-Son Bldg. Corp. v. Heller</u>, 572 F.2d 174, 181 (9th Cir. 1978);

22  <u>Lindy v. Lynn</u>, 501 F.2d 1367, 1369 (3rd Cir. 1974).

23  \\\\\

24  _____

25    [1] In contrast, the statute addressing Freddie Mac's charter states that "all civil actions to
    which the [Freddie Mac] Corporation is a party shall be deemed to arise under the laws of the
    United States, and the district courts of the United States shall have original jurisdiction of all

26  such actions, without regard to amount or value..."  12 U.S.C. § 1452(f).

1    In <u>Rincon del Sol v. Lloyd's of London</u>, 709 F.Supp.2d 517, 524 (S.D. Tex.

2    2010), the court reasoned that the language, "of competent jurisdiction," required an independent

3    basis of jurisdiction, because to construe otherwise would render the emphasized language "to be

4    sued in *any* court of competent jurisdiction, *State* or Federal," ineffectual as it would eliminate

5    the right to sue Fannie Mae in state court.  <u>Rincon</u> also noted the <u>Pirelli</u> court's acknowledgment

6    that the Fannie Mae statute contained the words, "of competent jurisdiction," while the Red

7    Cross charter did not.  <u>Id.</u> at 523.

8    Other courts interpreting the Fannie Mae charter have come to the same

9    conclusion.  <u>See</u> <u>Federal National Mortgage Ass'n v. Sealed</u>, 457 F.Supp.2d 41(D.D.C. 2006),

10   <u>overruled by</u> <u>Pirelli</u>, 534 F.3d at 785; <u>Federal National Mortgage Ass'n v. De-Savineau</u>, 2010

11   WL 3397027 (C. D. Cal. 2010); <u>Federal National Mortgage Ass'n v. Bridgeman</u>, 2010 WL

12   5330499 (E. D. Cal. 2010); <u>State of Nevada v. Countrywide Home Loans Servicing, LP</u>, 2011

13   WL 484298 (D. Nev. February 4, 2011) (finding that Fannie Mae's charter does not create

14   jurisdiction but federal jurisdiction existed independently on other grounds).

15   In analogous statutory construction, courts have noted that where the Federal

16   Home Loan Bank is a party, the "sue and be sued" provision in this bank's charter is nearly

17   identical to that provision in Fannie Mae's charter, and have rejected any grant of original

18   jurisdiction.[2]  <u>See</u> <u>Federal Home Loan Bank of Chicago v. Bank of America Funding Corp.</u>, 760

19   F.Supp.2d 807, 809 (N.D. Ill. 2011); <u>Federal Home Loan Bank of San Francisco v. Deutsche</u>

20   <u>Bank Securities, Inc.</u>, 2010 WL 5394742 (N.D. Cal. 2010); <u>Federal Home Loan Bank of Seattle</u>

21   <u>v. Deutsche Bank Securities, Inc.</u>, 736 F.Supp.2d 1283, 1286 (W.D. Wash. 2010); <u>Federal Home</u>

22   <u>Loan Bank of Seattle v. Barclays Capital, Inc.</u>, 2010 WL 3662345, *2 (W.D. Wash. 2010).

23   There are a few cases finding original jurisdiction under Fannie Mae's charter;

24   however, the undersigned disagrees with the one case which provided any analysis.  In <u>Griffin v.</u>

25
26   [2]  Title 12 U.S.C. § 1432(a) provides for the FHLB "to sue and be sued, to complain and to defend, in any court of competent jurisdiction, State or Federal...."

4

1   Federal National Mortgage Association, Inc., 2010 WL 5535618, *2 (E.D. Tex. 2010), the court

2   construed Fannie Mae's charter as similar to the Red Cross statute and found the words, "of

3   competent jurisdiction" in the statute not to be superfluous because these words "help to clarify

4   that, among other things, litigants in state courts of limited jurisdiction must satisfy the

5   appropriate jurisdictional requirements and that litigants, whether in federal or state court, must

6   establish that court's personal jurisdiction over the parties." Id.  The undersigned prefers to rely

7   on the reasoning articulated in the cases cited above, many of which cite the concurrence in

8   Pirelli, which argues that the majority misinterpreted Red Cross. In her concurrence, Judge

9   Brown argues that Red Cross "stands for the unremarkable rule that mentioning federal courts is

10  necessary, but not always sufficient, to confer jurisdiction." 534 F.3d at 795.  "In Red Cross, the

11  Court declared "a congressional charter's 'sue and be sued' provision *may* be read to confer

12  federal court jurisdiction if, but only if, it specifically mentions the federal courts." Id., quoting

13  Red Cross, 505 U.S. at 255, 112 S.Ct. 2465 (emphasis added).

14          The only other courts agreeing with the majority in Pirelli found original

15  jurisdiction without deciding it.  See C.C. Port, Ltd. v. Davis-Penn Mortgage Co., 891 F.Supp.

16  371, 372 (S.D.Tex.1994) (assuming original subject matter jurisdiction without analysis);

17  Connelly v. Federal Nat. Mortg. Ass'n, 251 F.Supp.2d 1071 (D. Conn. 2003) (same); In re

18  Fannie Mae 2008 Securities Litigation, 2009 WL 4067266, *2 (S.D.N.Y. 2009) (same).

19          III.  Analysis

20          Based on the aforementioned analysis, the court finds that remand is appropriate

21  because there is no subject matter jurisdiction.  Here, the exhibits attached to the removal petition

22  establish that the state court action is nothing more than a simple unlawful detainer action, and is

23  titled as such.  (See Dkt. No. 1, at pp. 5-14.)  This court has no jurisdiction over unlawful

24  detainer actions which are strictly within the province of the state court.  Defendants' removal

25  petition attempts to invoke federal subject matter jurisdiction by asserting a claim under the

26  Protecting Tenants at Foreclosure Act, apparently challenging the foreclosure proceedings related

to their property.  However, as discussed above, these counterclaims cannot provide a sufficient basis to remove the action to federal court.  Furthermore, defendants have also filed a "verified second amended cross-complaint" which contains only state law claims and is not premised on diversity.  Based on the aforementioned analysis, the court finds that remand is appropriate, because there is no subject matter jurisdiction.

IV.  Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  The action be remanded to Sacramento County Superior Court, Carol Miller Justice Center;

2.  The Clerk be directed to serve a certified copy of this order on the Clerk of Sacramento County Superior Court, Carol Miller Justice Center, and reference the state case number (12UD02141) in the proof of service; and

3.  The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH/076/FNMA.Wheat1813.rem.wpd